UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Case No. 1:22-cv-1549

JACE PATTERSON

      **Plaintiff,**

v.

DISHA CORPORATION d/b/a T Square, and
MOHAN MUTHU, an individual

      **Defendants.**

---

# COMPLAINT

## INTRODUCTION

1. Plaintiff Jace Patterson ("Plaintiff") worked as an "assistant manager" for Defendants' convenience store other for approximately ten months in 2020-2021. He started out at a rate of $14.50 per hour but after just a few weeks the company moved him to a $32,000 per year "salary" (equal to about $615 per week). He regularly worked more than 40 hours a week but was not paid anything extra for his overtime work, even though his duties were not of an exempt nature and his salary rate was less than the threshold for exemption status under state or federal law. When he brought this to the attention of management, he was fired. The company also made improper deductions to his wages and did not provide meal and rest breaks as required by state law.

2. To challenge these and other wage violations, Plaintiff brings this action, by and through his attorneys, against Defendants Disha Corporation d/b/a T Square, and its principal, Mohan Muthu, an individual, to recover unpaid or underpaid wages and other damages

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq*. and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Overtime and Minimum Pay Standards Order (the "COMPS Order"). Plaintiff also brings claims for retaliation under these wage laws.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' convenience store located in Parker, Colorado, and both Defendants named herein reside in this district.

## PARTIES

**Defendant Disha Corporation d/b/a T Square**

6. Defendant Disha Corporation d/b/a T Square (hereinafter "Disha") is a corporation doing business in Colorado, and whose principal place of business is located at 17050 E Main Street, Parker, CO 80134. Its registered agent is listed with the Colorado Department of State at the same address.

7. At all relevant times, Defendant Disha had annual gross revenues in excess of $500,000.

8. Defendant Disha operates multiple convenience store locations, including the one at which Plaintiff worked.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Patterson v. T Square*
Case No. 1:22-cv-1549 (Dist. Colo.)

Complaint
Page 2

9. At all relevant times, Defendant Disha was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10. Upon information and belief Defendant Disha purchases goods, supplies, equipment and other necessary items to run its other and serve its customers from out of state vendors selling such supplies, and equipment originating outside the state of Colorado. Defendant T Square also accepts payments by credit cards and, upon information and belief, utilizes the phone and internet lines to accept and transmit payments.

11. At all times material to this action, Defendant Disha was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Mohan Muthu**

12. Defendant Mohan Muthu, an individual, resides in Colorado.

13. Defendant Muthu owns and/or operates multiple convenience store locations, including the one at which Plaintiff worked.

14. At all times material to this action, Defendant Muthu actively participated in the business of Disha.

15. At all times material to this action, Defendant Muthu exercised substantial control over the functions of the company's employees including Plaintiff. For example, Defendant had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules.

16. At all times material to this action, Defendant Muthu was an "employer" of the Plaintiff and others similarly situated, as defined by § 203(b) of the FLSA.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Patterson v. T Square*
Case No. 1:22-cv-1549 (Dist. Colo.)

Complaint
Page 3

**Plaintiff Jace Patterson**

17. Plaintiff Jace Patterson is a resident of Parker, Colorado.

18. Plaintiff Patterson worked for T Square from July 6, 2020 to April 27, 2021

19. While in this position, Plaintiff Patterson's pay scheme began at $14.50 per hour, but after just a few weeks the company moved him to a $32,000 per year salary.

20. At all times material to this action, Plaintiff Patterson was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

21. In this position, Patterson regularly interacted with customers who are from all across the United States and the world. He handled snacks, drinks, and many other products that originated outside of Colorado. He utilized Defendants' credit card machine to process payments.

22. Plaintiff's primary direct supervisor was Marti Baca, the store manager.

23. Marti Baca reported to Defendant Muthu at all relevant times.

24. Plaintiff's "normal" schedule was to work Monday through Friday from 8:00A.M. to 4:00P.M., except that he would work from 7:00A.M. to 3:00P.M. on Tuesdays. However, he would frequently work late those days, would come in most Saturdays for about three hours and sometimes Sundays as well, and would cover extra shifts if someone else called out or was otherwise not available.

25. Altogether Plaintiff estimates that generally he worked approximately 43 hours per week.

26. At first (when he was paid on an hourly basis) he was instructed to punch in and out on a computer. Then for a period he was not supposed to punch in anymore. On the occasions he did punch in and out, his hours were frequently adjusted.

27. Defendants made deductions to Plaintiff's pay for cash shortages, when the till was short.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Patterson v. T Square*
Case No. 1:22-cv-1549 (Dist. Colo.)

Complaint
Page 4

28. For hours over 40 worked in the workweek, Plaintiff received no extra pay.

29. Plaintiff Patterson was not paid at a rate of one and one half times his normal hourly rate for all hours over 40 worked in a workweek.

30. A salary of $32,000 is less than the minimum threshold for employees to be exempt from overtime rules pursuant to COMPS #37, which is $684.00 per week ($35,568 per year) as of July 1, 2020 and at or above $778.85 per week ($40,500 per year) as of January 1, 2021. It is also less than the salary threshold under the FLSA which at relevant times was $684.00 per week

31. Plaintiff Patterson generally did not get a *bona fide* meal break of 30 minutes or more relieved of all duties.

32. Plaintiff Patterson generally did not get *bona fide* rest breaks either.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

33. Plaintiff and other similarly situated employees reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

*Failure to Pay Time Overtime Properly*

34. Defendants failed to compensate Plaintiff at a rate of one and one half times their normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

*Record-Keeping Failures*

35. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Patterson v. T Square*
Case No. 1:22-cv-1549 (Dist. Colo.)

Complaint
Page 5

29 C.F.R. § 516.

### *Willful & Not Based on Good Faith & Entitlement to Damages*

36. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

37. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

38. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid overtime wages, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

## As And For A Second Cause of Action:
### COLORADO WAGE ACT VIOLATIONS

39. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

40. The Defendants were Plaintiff's "employer" as that term is defined by the COMPS Order. 7 C.C.R. § 1.6.

41. Plaintiff is Defendants' "employee" as that term is defined by the COMPS Order because he performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. § 1.5

### *Failure to Pay Weekly Overtime Premiums*
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; COMPS Order #37)**

42. Plaintiff worked more than 40 hours at least some workweeks.

43. Defendants did not pay the Plaintiff overtime premiums for hours worked over 40 in each workweek.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Patterson v. T Square*
Case No. 1:22-cv-1549 (Dist. Colo.)

Complaint
Page 6

44. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

45. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to him and penalties. C.R.S. § 8-4-109.

46. Defendants violated the CWA as implemented by the Wage Order, when they failed to pay the Plaintiff overtime premiums for hours worked over 40 in each given workweek or 12 hours per day.

47. For any and all time worked by all Plaintiff, or to be credited to all Plaintiff during a workweek, Plaintiff is entitled to pay at his regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

**Failure to Pay Wages When Due**
**(Violation of the C.R.S. § 8-6-103)**

48. The Defendants failed to pay Plaintiff all his earned wages when due, as alleged above.

**Failure to Pay All Earned Wages**
**(Violation of the C.R.S. § 8-6-109)**

49. Plaintiff has been separated from employment with Defendants.

50. Defendants have failed to pay Plaintiff all his wages and compensation earned during Plaintiff's employment, as alleged above.

**Improper Deductions**
**(Violation of the C.R.S. § 8-4-105)**

51. The Defendant made deductions from Plaintiff's wages other than those authorized under C.R.S. § 8-4-105.

52. Specifically, Defendants made deductions to Plaintiff's pay for till shortages.

**Denial of Mandatory Rest Periods**
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq.*, Wage Order 7 C.C.R. 1103-1)**

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Patterson v. T Square*
Case No. 1:22-cv-1549 (Dist. Colo.)

Complaint
Page 7

53. Defendants did not pay Plaintiff for all of his time worked under Colorado law because they did not provide Plaintiff with 30 minute duty-free paid meal breaks for each five hours of work Plaintiff performed. Wage Order 7 C.C.R. 1103-1(7).

54. Defendants did not pay Plaintiff for all of his time worked under Colorado law because they did not provide Plaintiff with 10 minute duty-free paid rest breaks for each four hours of work Plaintiffs performed. Wage Order 7 C.C.R. 1103-1(8).

*Wage Demand Penalties*
**(Violation of the C.R.S. § 8-4-109)**

55. Plaintiff, through counsel, issued Defendants a Wage Demand letter dated May 27, 2021.

56. In that, Plaintiff demanded payment of $7,285.52.

57. Defendants did not tender any payment in response to this wage demand.

58. Therefore, the penalties set forth in C.R.S. § 8-4-109 are owed.

*Damages*

59. Plaintiff is entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages and/or underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118.

### As And For A Third Cause of Action:
### FLSA – RETALIATION

60. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth

61. Plaintiff researched his overtime rights and complained to his superiors about his lack of overtime pay.

62. In response, Defendants terminated his employment.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Patterson v. T Square*
Case No. 1:22-cv-1549 (Dist. Colo.)

Complaint
Page 8

63. Defendants have violated the provisions of the FLSA by discriminating against Plaintiff for exercising rights protected under the Act. 29 U.S.C. § 215(a)(3).

64. As a result of these violations by Defendant of the FLSA, the Plaintiff is entitled to damages as set forth in the FLSA, more specifically 29 U.S.C. § 215(a)(3), in an amount to be determined at trial.

### As And For A First Cause of Action:
### CWCA – RETALIATION

65. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

66. By complaining about the propriety of these pay practices to Defendants, Plaintiff engaged in activities protected under CRS § 8-4-120[1].

67. Defendants violated the provisions of CRS § 8-4-120 by retaliating against Plaintiff for exercising protected rights, by threatening to sue him, for large amounts of money.

68. As a result of these violations by Defendants of the anti-retaliation provision of the CWCA, the Plaintiff is entitled to damages in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Award Plaintiff unpaid and underpaid wages due under the FLSA and the CWCA; and

(B) Award Plaintiff liquidated damages in the amount of his unpaid FLSA wages

---

[1] "No employer shall intimidate, threaten, restrain, coerce, blacklist, discharge, or in any manner discriminate against any employee who has filed any complaint or instituted or caused to be instituted any proceeding under this article or related law or who has testified or may testify in any proceeding on behalf of himself, herself, or another regarding afforded protections under this article."

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Patterson v. T Square*
Case No. 1:22-cv-1549 (Dist. Colo.)

Complaint
Page 9

pursuant to 29 U.S.C. § 216(b); and

(C)  Award Plaintiff statutory penalties as provided for by Colorado law; and

(D)  Award Plaintiff appropriate damages for the retaliatory acts taken against through him, including back pay, front pay in lieu of reinstatement, emotional distress, legal fees, other appropriate actual, general, or compensatory damages, and punitive damages, in an amount to be determined at trial; and

(E)  Award Plaintiff interest; and

(F)  Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(G)  Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **22nd** day of **June, 2022.**

ANDERSONDODSON, P.C.

*s/  Penn Dodson*
**Penn A. Dodson**
penn@andersondodson.com
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 tel.

Attorney for Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

Patterson v. T Square
Case No. 1:22-cv-1549 (Dist. Colo.)

Complaint
Page 10